UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| REGINALD BOONE, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 5: 14-84-DCR |
| ) | |
| V. ) | |
| ) | |
| FRANCISCO QUINTATA, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| ) | |
| Respondent. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Reginald Boone is an inmate confined at the Federal Medical Center located in Lexington, Kentucky. Proceeding *pro se*, Boone has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] He challenges his firearm conviction under 18 U.S.C. § 924(c)(1). Because a § 2241 petition is not the proper vehicle for obtaining the relief that Boone seeks, his petition will be denied.

**I.**

In 1992, Boone exchanged $30.00 worth of cocaine and some money for a shotgun. *United States v. Reginald Boone*, Criminal No. 2:92-cr-113-2 (E.D. Va. 1992).[2] He and six co-defendants were charged with conspiracy to distribute or possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, as well as various associated firearms violations. *Id.*

---

[1] Although the petitioner was prosecuted in the Eastern District of Virginia, the action is properly filed in this district because a § 2241 petition must be filed in the judicial district where the petitioner and his custodian are physically present. 28 U.S.C. § 2241(a); *see Martin v. Perez*, 319 F.3d 799, 802 (6th Cir. 2003).

[2] Because Boone's criminal proceeding predated the advent of the PACER electronic database, the Court is unable to electronically access the documents filed in that proceeding. The available docket sheet indicates that Boone's criminal record was archived in the Federal Records Center in 2000 and in 2005.

-1-

Following conviction, all seven co-defendants appealed. Boone claimed that insufficient evidence supported the conspiracy conviction and challenged the calculation of his sentence. He appealed the district court's denial of his motion to suppress evidence and his conviction of two counts of using or carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). In addition, Boone challenged the constitutionality of the Federal Sentencing Guidelines' base offense levels for crack cocaine. *United States v. Harris*, 39 F.3d 1262, 1264 (4th Cir. 1994).

The Fourth Circuit affirmed Boone's convictions and sentences, with the exception of the life sentence imposed under 21 U.S.C. § 841(b)(1)(A). Because the district court improperly aggregated quantities of various substances, the matter was remanded for resentencing. *See Harris*, 39 F.3d at 1271-72. On remand, the district court found that Boone qualified as a career offender and imposed a new sentence. Boone again appealed and the Fourth Circuit vacated his conviction under 18 U.S.C. § 924(c) in light of *Bailey v. United States*, 516 U.S. 137 (1995), decided during the pendency of Boone's appeal. [Record No. 1-1] Accordingly, the Boone's case was remanded a second time for resentencing. *United States v. Boone*, No. 95-5055, 1996 U.S. App. LEXIS 20572 at *4 (4th Cir. Aug. 16, 1996) (unpublished). Appealing his sentence once again, Boone argued that the United States failed to present sufficient evidence to support a conviction of the drug charges. However, the Fourth Circuit affirmed the sentence, finding that Boone had waived the issue. *United States v. Boone*, No. 96-4971, 1997 U.S. App. LEXIS 29868 at *3 (4th Cir. Oct. 19, 1997) (unpublished).

On October 22, 1998, Boone filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. The trial court denied the motion. And in January 2006, the Fourth

Circuit denied Boone's motion for authorization to file a successive § 2255 petition. *In re: Reginald Boone*, No. 06-173 (4th Cir. 2006).

**II.**

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Boone is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the proceedings, the Court accepts Boone's factual allegations as true and liberally construes his legal claims in his favor.

In 2007, long after the petitioner's conviction became final, the United States Supreme Court issued a decision in *Watson v. United States*. 552 U.S. 74 (2007). The defendant in *Watson* negotiated the purchase of a semi-automatic pistol from an undercover law enforcement agent. Watson paid for the weapon with OxyContin tablets. He was arrested and charged under 18 U.S.C. § 924(c) for "using" the pistol during and in relation to a drug trafficking crime. In overturning Watson's conviction, the Supreme Court held that a person who receives a firearm in exchange for drugs has not "used" the firearm as part of that transaction.[3] *Id.* at 83.

Here, Boone asserts that his situation is indistinguishable from *Watson*. [Record No. 1] Although he obtained the firearm in question as a result of a drugs-for-gun trade, Boone

---

[3]  *Watson* left undisturbed the Supreme Court's holding that one who *supplies* a firearm in exchange for drugs "uses" the firearm for the purpose of § 924(c). *Watson*, 552 U.S. at 83; *Smith v. United States*, 508 U.S. 223 (1993).

argues that he is innocent of the firearm offense because he did not "use" a firearm, but received one. Thus, he asserts that he was found guilty on the basis of facts that do not constitute a crime and his conviction and sentence under § 924(c) must be vacated.

### III.

Boone's petition is not properly raised under 28 U.S.C. § 2241. As a general rule, if a federal prisoner seeks to attack the execution of his sentence by challenging the computation of his parole or sentencing credit, he may do so by filing a petition under § 2241 in the district court having jurisdiction over his custodian. *Jones v. Walton*, 2012 U.S. App. LEXIS 27144 at *4 (6th Cir. 2012) (citing *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1991)). Federal inmates who seek to challenge their convictions should file those claims in the sentencing court under 28 U.S.C. § 2255. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Under highly exceptional circumstances, a federal inmate may challenge his conviction and the imposition of a sentence under § 2241 rather than § 2255, if he establishes that his remedy is inadequate or ineffective to test the legality of his detention under the savings clause of § 2255. 28 U.S.C. § 2255(e). It is the petitioner's burden to prove that his remedy under § 2255 is inadequate or ineffective. *Martin*, 319 F.3d at 803.

Boone argues that his petition falls under the savings clause of § 2255(e) because he has already exhausted his remedy under § 2255 and been denied relief. [Record No. 1, p. 8-9] However, this argument is without merit. A remedy under § 2255 is not considered "inadequate or ineffective" merely because relief under that section has been denied previously, the petitioner is procedurally barred from pursuing relief under § 2255, or he has been denied permission to file a successive motion to vacate. *Martin*, 319 F.3d at 803-04;

*United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

To demonstrate inadequacy or ineffectiveness, a petitioner must establish that he is actually innocent. *Wooten*, 677 F.3d at 307. Where a petitioner seeks to have a federal court invoke jurisdiction over claims that are normally beyond the pale of its authority to review, he should submit documentary evidence of his actual innocence beyond his mere allegations. *Bousley*, 523 U.S. at 623. "Actual innocence" is "factual innocence, not mere legal insufficiency." *Souter v. Jones*, 395 F.3d 577, 590 (6h Cir. 2005) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Petitioners may satisfy this burden by showing that there has been "an intervening change in the law that establishes their actual innocence." *Peterman*, 249 F.3d at 462.

Boone alleges that *Watson* constitutes an intervening change in the law sufficient to establish his actual innocence of the firearm charge. [Record No. 1] However, he has not shown that *Watson* set forth a new rule of constitutional law. Rather, the decision was based on a statutory interpretation of 18 U.S.C. § 924(c)(1). *See Lowe v. Cauley*, 2009 U.S. Dist. LEXIS 87049 at \*5 (E.D. Ky. 2009). Moreover, even assuming *arguendo* that *Watson* created a new rule, Boone has not shown that the Supreme Court has made the decision retroactive to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) (only the Supreme Court can make a new rule retroactive); *see also Shelton v. United States*, 2010 WL 2471692 (S.D. Ohio 2010) (*Watson* is not retroactive to cases on collateral review). *See also In re Zuniga-Hernandez*, 2010 U.S. App. LEXIS 27753 \*1-2 (5th Cir. 2010) (holding that *Watson* was based on statutory interpretation, not applied retroactively to cases on collateral review).

In support of his argument that *Watson* applies retroactively, Boone relies on *United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). In *Thomas*, the Fourth Circuit held that *Watson* announced a new substantive rule that applied retroactively to initial petitions under § 2255(f)(3). However, the Fourth Circuit noted the contrast in the statutory language governing retroactivity between initial petitions under §2255(f)(3) and "second or successive" motions under § 2255(h), cautioning that successive petitions must rely on a new rule of constitutional law explicitly "made retroactive to cases on collateral review by the Supreme Court." *Id.* at 536. As noted above, the present action is not Boone's initial § 2255 petition.[4] Because the Supreme Court in *Watson* did not explicitly establish that its holding would apply retroactively to cases on collateral review, Boone is barred from asserting "actual innocence" here.

## IV.

Boone fails to meet his burden of demonstrating that his remedy under § 2255 would be inadequate or ineffective. He presents no new rule of law made retroactive to his case by the Supreme Court that would establish his actual innocence. In short, Boone's claim is not properly raised in a § 2241 petition. If Boone elects to proceed under § 2255, he must file a motion in the Fourth Circuit Court of Appeals requesting permission to file a successive § 2255 petition based upon the Supreme Court's ruling in *Watson*. Accordingly, it is hereby

**ORDERED** as follows:

1. Reginald Boone's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

---

[4] Boone filed his initial § 2255 petition in 1998, which was denied. In 2006, his motion for leave to file a second § 2255 petition was also denied. *In re: Reginald Boone*, No. 06-173 (4th Cir. 2006).

2. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously in favor of the Respondent.

This 31st day of October, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge