UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| REGINALD BOONE, | ) |
| | ) |
| Petitioner, | )    Civil Action No. 5: 14-84-DCR |
| | ) |
| v. | ) |
| | ) |
| FRANCISCO QUINTANA, Warden, | )    **MEMORANDUM OPINION** |
| | )                **AND ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Reginald Boone is presently confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Boone has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that one of his 1993 convictions for "using" a firearm during the commission of a drug trafficking crime (Count 27) is invalid under *Watson v. United States*, 552 U.S. 74 (2007). [Record No. 1] The Court denied his petition on initial screening, holding that Boone could not assert a *Watson* claim in a § 2241 petition. [Record No. 5] The Sixth Circuit disagreed with this determination on appeal, concluding that the Court had applied the wrong legal standard. The matter was remanded to determination whether Boone's claim is cognizable in a § 2241 petition under *Wooten v. Cauley*, 677 F.3d 303 (6th Cir. 2012). [Record No. 14]

**I.**

From approximately 1986 until 1992, Boone and six others operated a drug trafficking ring in Norfolk, Virginia. Each was arrested charged with numerous drug trafficking and firearms related offenses. For his part, Boone was charged and convicted of one count of

-1-

conspiring to traffic in cocaine in violation of 21 U.S.C. § 846(a)(1); five counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); three counts of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1); two counts of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and two counts of using a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Counts 27 and 36). Brief for Appellant, *United States v. Boone*, No. 96-4971 (4th Cir. 1997), 1997 WL 33544158, at *1-2. Boone was sentenced to life in prison on the conspiracy count, concurrent 360-month terms on the drug trafficking counts, and consecutive terms of five and twenty years for the two § 924(c) convictions. *United States v. Boone*, No. 2: 92-CR-113-2 (E.D. Va. 1992). By any measure, he is serving a long sentence.

One of Boone's § 924(c) convictions (Count 27) was based upon his giving Napolean Yarn a small quantity of crack cocaine as compensation for Yarn's purchase of a shotgun on his behalf, bought with funds provided by Boone. This is the way the Fourth Circuit characterized the transaction, consistent with the description provided by the government in its appellate brief. Brief for Appellee, *United States v. Harris*, 39 F. 3d 1262 (4th Cir. 1994), No. 93-5161, 1993 WL 13037080, at *36. Citing the same portion of the record on appeal, for his part Boone stated the cocaine he gave Yarn was in direct payment for the shotgun. Brief for Appellants, *United States v. Harris*, 39 F. 3d 1262 (4th Cir. 1994), No. 93-5161, 1993 WL 13037079, at *37 (stating that Yarn purchased the shotgun himself and then "allegedly sold the firearm to appellant Boone in a barter exchange for cocaine."). While the accounts differ in this regard, the parties agreed that Boone was the purchaser of the gun, not the seller.

On direct appeal, Boone claimed this was not "use" under § 924(c). However, the Fourth Circuit disagreed, noting that under *Smith v. United States*, 508 U.S. 223 (1993), exchanging a

gun for drugs can qualify as "use." *United States v. Harris*, 39 F. 3d 1262, 1269 (4th Cir. 1994). In *Smith*, the Supreme Court held that the defendant had "used" the gun within the meaning of § 924(c) when he sold it to buy drugs. *Smith*, 508 U.S. at 229 ("By attempting to trade his MAC–10 for the drugs, he 'used' or 'employed' it as an item of barter to obtain cocaine; he 'derived service' from it because it was going to bring him the very drugs he sought."). However, the Fourth Circuit remanded Boone's case for resentencing to address an error in aggregating quantities of cocaine and cocaine base. *Harris*, 39 F. 3d at 1271-72.

Following remand and resentencing, on Boone's second appeal he challenged both of his § 924(c) convictions as invalid under the Supreme Court's intervening decision in *Bailey v. United States*, 516 U.S. 137 (1995), which held that to establishing "use" under § 924(c) "requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." *Id*. at 143. The government conceded that the second of the two § 924(c) charges (Count 36) was based on circumstances "virtually indistinguishable" from *Bailey* and, as a result, was invalid. But the Fourth Circuit upheld the validity of the first conviction (Count 27) for the same reasons stated in the first appeal, concluding that "*Bailey* does not undermine the continuing validity of *Smith*." See *Bailey*, 516 U.S. at 146 ("Under the interpretation we enunciate today, a firearm can be used without being carried, e.g., when an offender has a gun on display during a transaction, *or barters with a firearm* without handling it; and a firearm can be carried without being used, e.g., when an offender keeps a gun hidden in his clothing throughout a drug transaction.") (emphasis added). The case was again remanded for resentencing. *United States v. Boone*, No. 95-5055, 1996 WL 465842, at *1 (4th Cir. 1996).

The Fourth Circuit affirmed after Boone's third appeal following remand. *United States v. Boone*, No. 96-4971, 1997 WL 693051, at *1 (4th Cir. 1997). On June 7, 1999, the trial court denied Boone's motion for relief from his sentence under 28 U.S.C. § 2255. [Record No. 1 at p. 4] Boone has twice sought reductions in his sentence under 18 U.S.C. § 3582(c)(2), but without success. *United States v. Boone*, 394 F. App'x 1 (4th Cir. 2010); *United States v. Boone*, 474 F. App'x 98 (4th Cir. 2012).

In his current petition, Boone contends that under *Watson* his purchase of a shotgun with drugs did not constitute "use" of the firearm within the meaning of § 924(c), and further that he may pursue a *Watson* claim in a § 2241 petition because that decision is retroactively applicable to cases on collateral review, citing *United States v. Thomas*, 627 F. 3d 534, 535-36 (4th Cir. 2010). [Record No. 1 at pp. 8-9]

## II.

Ordinarily, a federal prisoner wishing to challenge the legality of his federal conviction or sentence must do so by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court in which he was convicted and sentenced. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas petition filed pursuant to 28 U.S.C. § 2241 generally may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001). However, the "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a

motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ...").

In addition, the "savings clause" of § 2255(e) applies only where the petitioner is asserting a claim of "actual innocence." *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012) (citing *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001); *Charles v. Chandler*, 180 F. 3d 753, 757 (6th Cir. 1999) (*per curiam*)). In this context, a § 2241 petitioner may demonstrate that he is actually innocent of the underlying offense by showing, that after his conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten*, 677 F.3d at 307-08; *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). Further, the Supreme Court's newly-announced interpretation must apply retroactively to cases on collateral review. *Wooten*, 677 F.3d at 308.

Here, as an initial matter, it is clear that a motion under § 2255 did not provide Boone with a viable procedural mechanism to assert his *Watson* claim. By the time *Watson* was decided in 2007, Boone had already filed and lost his first motion for relief under § 2255. [Record No. 1 at p. 4] Had he not done so, in 2008, he might have been able to file a timely initial § 2255 motion by invoking § 2255(f)(3). *Thomas*, 627 F. 3d at 536. However, because Boone had already invoked § 2255 without success, once *Watson* was announced in 2007 his only remaining option was to seek permission to file a second or successive motion for relief under § 2255. Title 28 of the United States Code, section 2255(h), would have doomed any such

-5-

effort had Boone undertaken it, as he did not rely upon newly-discovered evidence nor did *Watson* announce a new rule of *constitutional* law, let alone hold that its new rule was retroactive. § 2255(h)(1), (2). Under the singularly-unusual circumstances of this case, § 2255 proved procedurally insufficient for Boone to assert a claim under *Watson*.

But, standing alone, this procedural deficiency is not enough to render § 2255 "inadequate and ineffective" within the meaning of § 2255(e), as that section only opens the doors to § 2241 where the substance of the claim is that the petitioner is "actually innocent" of the offense. *Wooten*, 677 F.3d at 307. Boone contends that his claim is one of actual innocence because the conduct which supported his § 924(c) conviction – buying a shotgun with drugs or cash – is indistinguishable from that found to not qualify as "use" in *Watson.* And, as in *Bailey*, Boone claims that this narrowing construction of the statute leaves him convicted for "an act that the law does not make criminal." *Bousley v. United States*, 523 U.S. 614, 620 (1998) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

To determine whether Boone makes a viable claim of actual innocence, the Court must address two issues: (1) whether *Watson* is retroactively applicable to cases on collateral review; and (2) whether, on the merits, it rendered Boone's conduct non-criminal. *Wooten*, 677 F.3d at 308 ("The two major issues presented here are thus whether the rule in *Santos* is retroactive and whether it applies to the merits of the petition.").

Regarding the first question, at the time of Boone's conviction in 1993, the Supreme Court had held that "a criminal who trades his firearm for drugs 'uses' the firearm during and in relation to a drug trafficking offense within the meaning of § 924(c)(1)." *Smith*, 508 U.S. at 241. In Boone's direct appeals, the Fourth Circuit assumed that the converse was also true: that is, that a criminal who sells drugs to buy a firearm "uses" the firearm within the meaning of §

-6-

924(c). But ten years after Boone's convictions became final, the Supreme Court held otherwise in *Watson v. United States*, 552 U.S. 74, 83 (2007) ("a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs.").

Well-established principles of retroactivity govern the impact of *Watson*'s new interpretation to habeas petitioners. When the Supreme Court issues a decision announcing a new *procedural* rule, because such a rule "regulate[s] only the manner of determining the defendant's culpability," that rule will apply retroactively to cases on collateral review only if it falls within the "small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro v. Summerlin*, 542 U.S. 348, 352-53 (2004) (internal quotation marks omitted) (citing *Saffle v. Parks*, 494 U.S. 484, 495 (1990)). But *substantive* rules, which "alter[] the range of conduct or the class of persons that the law punishes" will generally "apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." *Id* at 352 (citing *Bousley*, 523 U.S. at 620). Substantive rules "include[] decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Schriro*, 542 U.S. at 351-52 (citations omitted).

Because *Watson* is a decision that narrowed the scope of § 924(c) by interpreting its terms to exclude the defendant's mere purchase of a gun from the statute's prohibition on "use" of a firearm, straightforward application of the *Schriro* analysis establishes that it is a substantive rule which applies retroactively to cases on collateral review. Accord *Combs v. Hogsten*, No. 6:09-213-DCR, 2009 WL 3232992, at *2 (E.D. Ky. Oct. 2, 2009) (noting that *Watson* "changed the law with respect to the scope of the conduct proscribed by the statute."). The Fourth Circuit

so held in *Thomas*: "… *Watson* [] effectively decriminalized, for purposes of the 'use' prong of § 924(c), a class of conduct. A defendant may not be convicted of using a firearm in furtherance of a drug trafficking offense under § 924(c) if he merely receives the gun in exchange for drugs. And because this conduct is beyond the scope of § 924(c)(1)(A), a defendant convicted under such facts would 'stand[ ] convicted of an act that the law does not make criminal.'" *Thomas*, 627 F. 3d at 538 (internal quotation marks and citations omitted).  See also *Zuniga-Hernandez v. Childress*, 5548 F. App'x 147 (5th Cir. 2013) (assuming *Watson*'s retroactivity but denying § 2241 petition because defendant had also "carried" the firearm); *Newton v. Berkebile*, No. 5: 10-CV-26, 2012 WL 6915246, at *3 (S.D. W.Va. Nov. 6, 2012) (concluding *Watson* was retroactive but denying  2241 relief because petitioner was convicted of "possessing" a firearm).[1]

The Sixth Circuit has not squarely addressed this issue.  But because *Watson*, like *Bailey*, narrowed the scope of conduct covered as "use" of a firearm to support a § 924(c) conviction, there is strong reason to conclude that it would find *Watson* retroactive.  See *Charles*, 180 F. 3d at 757 ("*Bousley* makes it clear that the [*Bailey*] claims made by the petitioners in the *Davenport*, *Triestman*, and *Dorsainvil* cases were really just claims of 'actual innocence,' and the practical effect of the holdings in those cases was to permit a petitioner to make a claim of "actual innocence" that was otherwise barred by AEDPA.").  The Court therefore concludes that *Watson*

---

[1] One case holds to the contrary.  In *Bauer v. Weber*, No. 12-5009-WES, 2013 WL 2389852, at *5 (D.S.D. May 30, 2013), the court reasoned that a § 2241 petitioner "could not assert actual innocence under *Watson*" because the Supreme Court "did not explicitly establish that its holding could be retroactively applied to cases on collateral review" as required by § 2255(h)(2) to file a second or successive § 2255 motion.  The Court must respectfully disagree with its sister court's conclusion, as the availability of relief under § 2255(h)(2) is an analytically-distinct inquiry from whether *Watson* is retroactive for purposes of § 2241.  The Sixth Circuit's order of remand in this case strongly suggests that this is its view as well.  [Record No. 14 at p. 2]

announced a substantive rule retroactively applicable to cases on collateral review. *Schriro*, 542 U.S. at 352.

The second question is whether *Watson* rendered Boone's conduct non-criminal. *Wooten*, 677 F.3d at 308. The appellate briefs filed in each of Boone's three direct appeals indicate that he was convicted solely under § 924(c)'s "use" prong. If so, *Watson* would appear to provide a clear basis for the Court to invalidate his § 924(c) conviction under Count 27. However, the limited record before the Court is not sufficiently clear on this point because the undersigned is unable to review electronic copies of the indictment, jury instructions, or presentence report to confirm that this is correct. [Record No. 5 at p. 1 n.2]

As a result, the government will be afforded the opportunity to clarify this factual question, as well as assert any alternative grounds which may be available to support the conviction. Cf. *Zuniga-Hernandez*, 548 F. App'x at 150-51 (5th Cir. 2013) (affirming dismissal of § 2241 petition asserting *Watson* claim where petitioner pled guilty to indictment charging him with both using *and* carrying a firearm because "[w]here a conviction fails under the 'use' prong of § 924(c)(1) ..., it may stand if the 'carry' prong is satisfied.") (citing *United States v. Schmalzried*, 152 F.3d 354, 356 n.4 (5th Cir. 1998)); *Winkelman v. Longley*, No. 11-159E, 2011 WL 7025927, at *6-8 (W.D. Penn. Nov. 9, 2011) (concluding *Watson* was inapposite because "trading drugs in order to obtain guns" will necessarily violate § 924(c)'s prohibition against possessing guns in furtherance of a drug trafficking crime) (citing *United States v. Gardner*, 602 F.3d 97, 101-02 (2d Cir. 2010)).

### III.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court shall send a copy of the petition and this Order by certified mail to respondent Warden Francisco Quintana, the Attorney General for the United States, and the United States Attorney for the Eastern District of Kentucky.

2. Respondent shall file a response to the petition within sixty (60) days. The response shall be in the form of a memorandum addressing the factual allegations and legal claims contained in the petition; a formal motion to dismiss or for summary judgment is not necessary or appropriate for these proceedings. The respondent shall also include any documentary evidence relevant to either the petitioner's claims or the respondent's response thereto as attachments.

3. Boone must keep the Clerk of the Court informed of his current mailing address. ***Failure to notify the Clerk of any address change may result in a dismissal of this case***.

4. Boone must send a copy of every document he files with the Court to the respondent or its attorney. The original document petitioner files with the Court must include his statement certifying that he has done so and the date the document was mailed to the respondent. Any document filed without the required certification will be disregarded by the Court and stricken from the record.

5. Boone must communicate with the Court *solely* through notices or motions filed with the Court. ***The Court will disregard correspondence sent directly to the judge's chambers.***

This 21st day of March, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge